UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **GLENN ROGERS** | **CIVIL ACTION NO. 06-0363** |
| **VS.** | **SECTION P** |
| **MADISON PARISH DETENTION CENTER, ET AL.** | **JUDGE JAMES**<br>**MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed on February 22, 2006, by *pro se* plaintiff Glenn Rogers. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Allen Correctional Center, Kinder, Louisiana, but he claims that he was wrongfully convicted of disciplinary rules violations while he was an inmate at the Madison Parish Detention Center (MPDC), Tallulah, Louisiana. He named the MPDC, the LDOC, MPDC Warden Jimmy Shivers, MPDC administrative personnel, including Major Johnson and Officer Jinkson, and Madison Parish Sheriff Larry Cox as his defendants. He seeks restoration of the 180 days of "good time" that were forfeited as a result of the allegedly wrongful disciplinary conviction.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE.**

## STATEMENT OF THE CASE

On May 8, 2005, Rogers was an inmate at the MPDC. On that day he was ordered to participate in a drug and alcohol screen conducted by MPDC personnel. He tested positive for

1

drugs, and, since he questioned the reliability of the drug test, he refused to provide a sample for the alcohol screen.

On May 20, 2005, a disciplinary hearing was convened. At the conclusion of the hearing, Rogers was found guilty as charged and the disciplinary committee ordered the forfeiture of 90 days of "good time" for the failed drug test and 90 days of "good time" for the refusal to submit to the alcohol test.

According to Rogers, LDOC regulations mandate that the disciplinary hearing be convened within seven days (exclusive of Saturdays and Sundays) of the date of the issuance of the disciplinary report. Further, he contends that Officer Jinkson remained in the hearing room while the disciplinary board decided plaintiff's fate. Rogers contends that this was also a violation of LDOC regulations. Finally, he contends that the reporting officer was also the classification officer at MPDC and that the charges were a "set up."

Rogers admits that he did not present the facts relating to his complaint in the state prisoner grievance procedure [doc. 1-1, page 3]; however, he claims to be exempt from that process because "past time limit on appeal – did not know the [procedure]..." [*id.*] Further, he claims that regulations prohibit the filing of Administrative Remedies Procedure (ARP) Grievances on Disciplinary Board Hearings. [*id.*]

Nevertheless, on November 12, 2005, Rogers filed a pleading with prison authorities requesting a "due process hearing on grounds of Disciplinary Rules and Procedures in regards of loss of good time." [doc. 1-1, p. 20] On November 17, 2005, Mariana Leger, Deputy Warden of Programs at Elayn Hunt Corrections Center advised him – "According to your letter you were heard on a rule violation in Madison Parish Correctional Center. If you are not satisfied with the

sentence you received, you must direct your complaint or concerns to them." [doc. 1-1, p. 8]

**LAW AND ANALYSIS**

1. Civil Rights or *Habeas Corpus*?

Rogers filed his complaint on the form provided for civil rights complaints for prisoners confined in the geographical jurisdiction of the United States District Court for the Middle District of Louisiana. However, upon initial review, the undersigned concludes that this action should be construed as a petition for writ of *habeas corpus*.

*Habeas corpus* provides the exclusive federal remedy available to state prisoners challenging the fact or duration of their confinement and seeking speedier or immediate release. See *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); see also *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir.1998). As shown above, Rogers seeks the restoration of the 180 days of good time credits forfeited by the MPDC Disciplinary Board; as such, he challenges the duration of his confinement and seeks a speedier release from custody.

This pleading should be construed as an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2241 and not §2254, because Rogers does not seek to undo his Louisiana state court conviction (as would be the case in a §2254 *habeas*), but instead to correct the alleged unconstitutional actions of the prison authorities that have resulted in the forfeiture of his good time credits. See 28 U.S.C. 2241(c)(3); see also *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997) (holding that §2241 is the proper vehicle to attack the manner in which a sentence is being executed). It is therefore recommended that the complaint be construed as an Application for Writ of *Habeas Corpus* filed pursuant to 28 U.S.C. § 2241 since Rogers seeks only the restoration of those forfeited good time credits.

2. Exhaustion of Available State Court Remedies

Federal law requires state prisoners to exhaust available state court remedies as to each and every ground upon which entitlement to *habeas corpus* relief is claimed whether suit is filed pursuant to 28 U.S.C. § 2241 or § 2254(b). *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Serio v. Members of Louisiana Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1989). This rule of exhaustion, while not mandated by §2241, is a jurisprudential rule based on notions of federalism and comity. Federalism and comity demand that the state courts be afforded a fair opportunity to hear and consider *habeas corpus* claims raised by state prisoners before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). This total exhaustion rule promotes comity but does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523, 102 S.Ct. at 1205.

As stated above, when a state prisoner claims that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Since petitioner seeks the reinstatement of forfeited good time credits, and since such reinstatement would result in a speedier release from custody he must comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies.

A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State*, 117 F.3d 233, 237 (5th Cir.1997). Federal courts can dismiss without prejudice a federal petition for writ of *habeas corpus* that presents unexhausted grounds for relief. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Rogers has not exhausted his state court remedies prior to the filing of the instant suit, notwithstanding the fact that both administrative and judicial remedies were available to him. Under Louisiana law, petitioner was entitled to seek judicial review of the allegedly unlawful disciplinary proceedings. La. R.S.15:1177[1] provides in part:

> A. <u>Any offender who is aggrieved by an adverse decision,</u>[2] excluding decisions relative to delictual actions for injury or damages, <u>by the Department of Public Safety and Corrections</u> or a contractor operating a private prison facility rendered pursuant to any administrative remedy procedures under this Part <u>may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court or, if the offender is in the physical custody of the sheriff, in the district court having jurisdiction in the parish in which the sheriff is located</u>, in the manner hereinafter provided:
>
> (1)(a) Proceedings for review may be instituted by filing a petition for review in the district court within thirty days after receipt of the notice of the final decision by the agency or, if a rehearing by the agency is had or ordered by the court, within thirty days after the

---

[1] The Louisiana Supreme Court declared that this statute, along with others, was unconstitutional, but only insofar as it purported to divest the Louisiana District Courts of original jurisdiction over tort actions. See *Pope v. State*, 1999-2559 (La. 6/29/01), 792 So.2d 713, *rehearing denied* 8/31/2001. (To the extent the statute permits the Department of Public Safety and Corrections to exercise original jurisdiction in tort actions it violates Article V, § 16A of the Louisiana Constitution, which vests district courts with original jurisdiction over all civil and criminal matters, and it is unconstitutional.) The remaining portions of the statute have thereafter survived constitutional scrutiny. Compare *Ferrington v. Louisiana Dept. of Corrections*, 315 F.3d 529 (5th Cir. 2002).

[2] Petitioner could have availed himself of administrative remedies provided by the Louisiana Administrative Code (LAC). Title 22, Part I, Chapter 3, Subchapter B, Section 364(B) of which provides, "An inmate who wants to appeal a case heard by the disciplinary board ... must, in all cases, <u>appeal to the warden</u>... the appeal must be received within 15 days of the hearing ... The warden will decide all appeals within 30 days of the date of receipt of the appeal ..." Had petitioner received a negative decision at that level, he could have sought further review with the LDOC Secretary. See Secion 364(C).

decision thereon. Copies of the petition shall be served upon the agency and all defendants, as provided by law.

(b) <u>In a judicial review of a disciplinary action taken against an offender by the Department of Public Safety and Corrections or a contractor operating a private prison facility, the only proper party defendant is the department.</u>

*   *   *

9) The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(a) In violation of constitutional or statutory provisions.
(b) In excess of the statutory authority of the agency.
(c) Made upon unlawful procedure.
(d) Affected by other error of law.
(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

(10) <u>An aggrieved party may appeal a final judgment of the district court to the appropriate court of appeal.</u> (emphasis supplied)

Thereafter, had the appropriate district court denied relief, Rogers could have appealed that decision to the court of appeals; and, an adverse decision of the court of appeals could have been litigated in Louisiana's Supreme Court by way of an application for supervisory writs. See LSA-Const. Art. 5, § 5.

3. The Merits

Notwithstanding Rogers's failure to exhaust available state court remedies, the undersigned recommends dismissal of the petition on the merits.

Mr. Rogers has not shown that the challenged forfeiture of accumulated good time was in violation of the United States Constitution. Accordingly, he is not entitled to federal *habeas corpus* relief. In order to prevail in a federal *habeas corpus* proceeding, a state prisoner must show that his due process rights were violated during the state prison disciplinary process. The United States Supreme Court outlined the minimum process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that prison disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply. The Court did, however, mandate the following as minimal due process requirements: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence (when such presentation is not unduly hazardous to institutional safety or correctional goals); and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

Rogers does not contend that he was denied any of the minimal procedural due process protections established by *Wolff*. Instead, he complains that he is entitled to relief because the Disciplinary Board violated certain regulations set forth in Louisiana's Disciplinary Rules and Procedures for Adult Offenders.[3] As pointed out by Rogers, LAC 22, §347(D) provides in part, "[Disciplinary] Hearings shall be held within seven days of the date of the report, excluding weekends and holidays, for those inmates not placed in administrative segregation, unless the hearing is prevented by exceptional circumstances, unavoidable delays, or reasonable postponements." According to Rogers, the disciplinary report was dated May 8, 2005, but the

---

[3] The Disciplinary Rules and Procedures for Adult Offenders are found in Title 22, Part I, Chapter 3, Subchapter B of the Louisiana Administrative Code (LAC), §§341-369.

hearing was not convened until May 20, 2005.

Rogers also complained that the reporting officer was present during the deliberations of the Disciplinary Board. LAC 22 §349(B)(7) provides: "during deliberations, everyone except the board, the bailiff, and any official observers must leave the room, and the board will decide the case on the basis of the evidence presented at the hearing. Official observers must not take part in the hearing or deliberations. The bailiff cannot participate in deciding the case or the sentence, and must not participate in the hearing at all when he is the accusing employee, unless he is summoned to testify under cross-examination."

Finally, Rogers complained that the reporting officer is also the classification officer, but Rogers has pointed to no statute, rule, or regulation which prohibits this arrangement.

For the purposes of this report, the undersigned accepts as true Rogers's allegations of fact and his assertion that the Board violated the provisions outlined above.

Nevertheless, these claims are not cognizable on federal *habeas corpus* review. Federal *habeas corpus* review is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure or, as in this case, Louisiana's Administrative Code. See *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996)

MPDC's failure to follow Louisiana's administrative rules and regulations does not raise federal constitutional issues as long as minimum constitutional requirements were met.

Finally, the findings of the prison disciplinary hearing may not be disturbed unless they are determined to have been arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir.1995). Nor may federal *habeas* courts review the sufficiency of the evidence since a finding of guilt in a prison disciplinary hearing requires only the support of some facts, or any

evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir.1986); *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir.1981), *cert. denied*, 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982). In other words, "[P]rison disciplinary proceedings will be overturned only where there is <u>no evidence whatsoever</u> to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir.1994). "[T]he requirements of due process are satisfied if <u>some evidence</u> supports the decision by the prison disciplinary board to revoke good-time credits." *Superintendent, Massachusetts Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985)(emphasis supplied).

Consequently, in order to prevail in his challenge to the complained of disciplinary proceeding, Rogers must establish that there was <u>no evidence</u> to support the disciplinary adjudication. He cannot meet this burden as there clearly was <u>some evidence</u> to support the adjudication – Rogers himself admits that his drug screen was positive and that he refused to submit a sample for the alcohol screen. His self-serving and conclusory allegation of innocence is insufficient to overcome the "some evidence" test.

### 4. Conclusion

Rogers's civil rights complaint should be construed as a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2241. This *habeas corpus* petition may be dismissed because Rogers failed to exhaust available state court remedies prior to filing suit. Nevertheless, dismissal on the merits is recommended since Rogers has only alleged that his disciplinary conviction was obtained in violation of Louisiana regulations; he has not alleged that any federal constitutional provisions were violated. Finally, the pleadings reveal "some evidence" of Rogers's guilt. Therefore relief should be denied.

Accordingly,

**IT IS RECOMMENDED** that this complaint be construed as a petition for *habeas corpus* and, that it should be **DENIED AND DISMISSED WITH PREJUDICE** on the merits since it plainly appears from the face of the pleadings that the petitioner is not entitled to relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 10th day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE